IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES DAVID EDEN,

      Plaintiff,

      v.                            CASE NO. 21-3266-SAC

AARON WEBB, et al.,

      Defendants.

<u>MEMORANDUM AND ORDER
TO SHOW CAUSE</u>

Plaintiff Charles David Eden is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1.  Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is a prisoner at the Saline County Jail in Salina, Kansas.  The Court granted Plaintiff leave to proceed *in forma pauperis*.

The Complaint is based on an incident that occurred on November 29, 2017.  Plaintiff alleges three police officers for the cities of Bel Aire and Kechi, Kansas used excessive force when arresting him in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments.

Plaintiff names as defendants Officer Aaron Webb, Officer Joseph Trumbell, and Officer Aaron Crouse.  Plaintiff seeks $300,000 in compensatory damages.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Statute of Limitations

Plaintiff alleges that the arrest forming the basis of his Complaint occurred on November 29, 2017. The Complaint is subject to dismissal because it is untimely. The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore

applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006) (internal quotation marks omitted).

It plainly appears from the face of the Complaint that it is subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on November 15, 2021. Plaintiff's claim accrued when he was arrested in November, 2017, almost four years prior to the filing date of this Complaint. Consequently, unless tolling applies, Plaintiff's claim is untimely.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007). Kansas law provides that a prisoner

is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released), at which point the action must be brought within one year.  K.S.A. 60–515(a).   However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability."   K.S.A. 60–515(a).   Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period, something that Mr. Eden has not claimed. *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion).

Plaintiff alleges that he suffered memory loss as a result of the incident and did not learn of Defendants' actions until he viewed body camera footage that was provided to Plaintiff during discovery in a criminal case.  (ECF No. 2, at 2).  He asserts his "discovery" of the claim occurred on December 30, 2019.  (ECF No. 5, at 4).  If Plaintiff's memory loss qualified as a legal disability making K.S.A. 60–515(a) applicable, he would have had one year from December 30, 2019 to file this action. *See Watson v. Board of Com'rs of Saline County*, 214 F. App'x 864, 865 (10th Cir. 2007) (approving application of tolling provision of K.S.A. 60-515(a) where prisoner claimed memory loss and mental illness delayed his discovery of claim until he received medical reports and other documents in the course of pursuing a separate legal claim).   Because Plaintiff's disability was apparently relieved when he received the body camera footage in November or December of 2019, he had until November or December of 2020 to commence this action under K.S.A. 60-515.  However, he did not file his Complaint until November 15, 2021.

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay

bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)).   The record fails to support a claim that Defendant affirmatively induced Plaintiff into delaying his filing of this suit.

In addition, at least one Kansas appellate court has applied the equitable tolling standard for habeas cases in the context of a § 1983 action.  *See McClain*, 2013 WL 3970215 at *3.  That standard provides for equitable tolling where a litigant has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing.  *McQuiggin v. Perkins,* 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida,* 560 U.S. 631 (2010)).  Even if Plaintiff's asserted memory loss were an extraordinary circumstance, he falls short on the diligence requirement in that it has been almost two years since he "discovered" his claim.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations.  *Fogle,* 435 F.3d at 1258.  Because Plaintiff did not file his claim within the two-year limitation period and because Plaintiff does not establish a factual basis for tolling the limitation period, Plaintiff's Complaint is subject to dismissal as barred by the statute of limitations.

## IV.  Response Required

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

**V. Motions**

Plaintiff has also filed a motion to appoint counsel (ECF No. 5), a motion for order compelling discovery (ECF No. 6), and a motion for notification of legal hold of electronically stored information (ECF No. 7).

Plaintiff's motions are denied at this time.   There is no constitutional right to the appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies within the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim.  The Court has not yet made the determination of whether or not Plaintiff's claim survives the initial screening required by 28 U.S.C. § 1915.  Therefore, the Court denies Plaintiff's motion for appointment of counsel at this time.  However, this denial is made without prejudice.  If it becomes apparent that appointed counsel is necessary as this case further progresses, Plaintiff may renew his motion.

For the same reason, the Court denies without prejudice Plaintiff's motion for order compelling discovery and motion for notification of legal hold of electronically stored information.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **December 20, 2021,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 5), Motion for Order Compelling Discovery (ECF No. 6), and Motion for Notification of Legal Hold of Electronically Stored Information (ECF No. 7) are **denied without prejudice**.

**IT IS SO ORDERED**.

**Dated November 18, 2021, in Topeka, Kansas.**

**s/  Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**