**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHARLES DAVID EDEN,**

        **Plaintiff,**

      **v.**                          **CASE NO. 21-3266-SAC**

**AARON WEBB, et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action.  The Court conducted an initial review of the case and directed Plaintiff to show cause why his Complaint should not be dismissed as untimely. (Memorandum and Order to Show Cause, Doc. 9) ("MOSC").  Before the Court is Plaintiff's Response to the MOSC (Doc. 10).

**I.  Complaint**

In the Complaint, Plaintiff alleges three police officers for the cities of Bel Aire and Kechi, Kansas used excessive force when arresting him on November 29, 2017, in violation of his rights under the Fourth, Eighth, and Fourteenth Amendments.

**II.  MOSC**

The MOSC found that Plaintiff filed the Complaint beyond the two-year statute of limitations for a § 1983 action, making the Complaint subject to dismissal.

**III.  Plaintiff's Response**

Plaintiff makes two alternate arguments in his response to the MOSC.  First, he argues his claim did not accrue until December 30, 2019, when he viewed the body camera videos of his arrest.  As a result, when he filed his Complaint on November 15, 2021, he was within the statute

of limitations.  Plaintiff argues in the alternative that two types of tolling should apply to make his Complaint timely.

## IV.  Discussion

The Court has reviewed Plaintiff's response and finds that neither of his arguments demonstrate the timely filing of his Complaint.

### A.  Accrual of Cause of Action

Plaintiff's accrual argument is based on K.S.A. 60-513(b), which provides that a cause of action for injury "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party."  K.S.A. 60-513(b) (emphasis added). Plaintiff states that he "could only have reasonably ascertained the injuries to him" upon receiving the videos in December of 2019 and argues that is when the two-year statute of limitations began to run.  Consequently, his Complaint, filed on November 15, 2021, was timely.

There are two problems with Plaintiff's argument.  First, while the length of the limitation period is determined based on state law, the time of accrual of a § 1983 claim is a matter of federal law "*not* resolved by reference to state law."  *Wallace v. Kato,* 549 U.S. 384, 388 (2007).  "A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006).  "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."  *Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 558 (10th Cir. 1998) (quoting *Johnson v. Johnson County Com'n. Bd.,* 925 F.2d 1299, 1301 (10th Cir. 1991)).

The Tenth Circuit has noted that a plaintiff need not have conclusive evidence of the cause of an injury to trigger the statute of limitations; rather, the limitations period begins when the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused his harm. *Alexander v. Oklahoma,* 382 F.3d 1206, 1215-16 (10th Cir. 2004). In *Alexander*, the plaintiffs were survivors, or descendants of survivors, of the 1921 Tulsa Race Riot. After a 2001 study commissioned by the Oklahoma Legislature found that municipal and county officials had contributed to the violence and destruction, the plaintiffs filed a civil rights action. The plaintiffs argued that their complaint was timely because their claims did not accrue until the issuance of the report in 2001. They reasoned that their causes of action lay dormant until the report was issued because, before that, they did not know the level of culpability or responsibility of the City and State. The Tenth Circuit rejected their argument, finding that "[t]aken to its logical end, their argument would require us to craft a rule delaying accrual of a cause of action until a plaintiff has detailed knowledge of the level of culpability of each of the actors involved. This we cannot do. Plaintiffs' injuries and the general cause of those injuries were obvious in the aftermath of the Riot. To start the running of the statute of limitations, our case law requires nothing more." *Id*. at 1216.

Applying that reasoning to the facts of Plaintiff's case, he knew he was arrested and knew he suffered injury during the arrest. While he alleges that he did not remember all the details of how he received injury until he viewed the body camera footage, that information was not necessary for accrual of his cause of action. *See Baker v. Bd. of Regents of State of Kansas,* 991 F.2d 628, 632 (10th Cir. 1993) ("[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue."). Plaintiff's cause of action accrued when he was arrested and suffered injury.

The second problem with Plaintiff's accrual argument is that even if the provisions of K.S.A. 60-513(b) applied, it is not clear that he would fall within its coverage.  "Kansas' 'fact of injury' standard postpones the running of the limitations period until the time the plaintiff is able to determine that [his or her] injury may be caused by some act of the defendant." *Michaelis v. Farrell*, 296 P.3d 439, 444–45 (Kan. App. 2013) (quoting *Benne v. International Business Machines Corp.,* 87 F.3d 419, 427 (10th Cir. 1996)).  Plaintiff does not claim that he did not realize or remember that he was injured until he saw the body camera footage two years after his arrest.  Rather, he argues that he did not remember all the details of how he came to be injured.  The provisions of K.S.A. 60-513(b) appear to be inapplicable to Plaintiff's claim.

### B.  Tolling due to Incapacity

Plaintiff argues in the alternative that two types of tolling should apply to make his Complaint timely.  First, he believes he is entitled to statutory tolling under K.S.A. 60-515, "Persons under legal disability," which provides, "[I]f any person entitled to bring an action . . . at the time the cause of action accrued or at any time during the period the statute of limitations is running, is . . . an incapacitated person . . ., such person shall be entitled to bring such action within one year after the person's disability is removed . . .." K.S.A. 60-515(a).  Plaintiff asserts that the memory loss he suffered rendered him incapacitated until he viewed the video in December of 2019.  He then would have had one year to file his Complaint.  However, Plaintiff points out that the Kansas Supreme Court tolled all statutory deadlines from May 1, 2020 to April 15, 2021 due to COVID.  From the removal of his alleged incapacity on or about December 30, 2019 to May 1, 2020, approximately 121 days passed.  Then, the running of the limitation period would have been tolled until April 16, 2021.  When Plaintiff filed his Complaint on November 15, 2021,

approximately 214 more days had passed.  If Plaintiff's argument is accepted, this would mean only 335 days of the 365-day limitation period had run, and his Complaint would be timely.

The problem with Plaintiff's tolling argument is that his allegations do not demonstrate that he was legally incapacitated.  The Kansas Legislature has provided that in construing Kansas statutes,

> 'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 2002 Supp. 59–3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

K.S.A. § 77–201.

Plaintiff offers no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs.  Plaintiff claims he suffered memory loss and a brain injury.  These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury, let alone that he was incompetent for the approximately two years between his arrest and his viewing of the body camera footage.  *See Farhat v. Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at *4 (W.D. Okla. Feb. 14, 2008) (finding plaintiff's allegations of short-term memory loss and brain injury were insufficient to establish incompetence such that statute of limitations should be tolled).  *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Because statutory tolling under K.S.A. 60-515(a) is inapplicable to Plaintiff, he does not benefit from the tolling provided by the Kansas Supreme Court.

**V.  Conclusion**

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated March 3, 2022, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**